Heather A. Zadina

# IN THE DISTRICT COURT, EIGHTH JUDICIAL DISTRICT
# CONVERSE COUNTY, WYOMING

| | |
|---|---|
| R&S WELL SERVICE, INC., a Wyoming Corporation, and MARKEL INSURANCE COMPANY, a Virginia Corporation )<br>)<br>)<br>)<br>Plaintiffs )<br>)<br>-vs- )<br>)<br>BRIAN THIESSEN, individually, and )<br>THIESSEN FARMS, a foreign corporation; )<br>)<br>Defendant. ) | RECEIVED<br>APR 0 9 2009<br>MURANE & BOSTWICK, LLC<br>CHEYENNE<br><br>Civil Action No.: 15389<br><br>Filed for Record this 3<br>day of April A.D. 2009<br>JO WINTERS<br>Clerk of the District Court |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

For his Answer to the Plaintiffs' Complaint, Defendant Brian Thiessen ("Thiessen") admits, denies, and asserts the following affirmative defenses to the Plaintiffs' allegations.

1.  **Statement Regarding Identity and Existence of Named Defendant:**

As an initial matter, insofar as Defendant Brian Thiessen or the events alleged in Plaintiffs' Complaint is concerned, the other named Defendant "Thiessen Farms" is a non-entity and is not a proper party to this lawsuit. "Thiessen Farms" is an unincorporated, non-entity; a colloquial name used to identify certain parcels of farmland in Canada. In order to comply with Canadian requirements for farm plates on the vehicle driven by Brian Thiessen at the time of the accident in question, the registration of the vehicle in effect at the time of the accident listed "Brian Thiessen, operating as Thiessen Farms;" however, as noted above, "Thiessen Farms" does not exist as an entity. Furthermore, although the Return of Service filed with the Court notes that Brian Thiessen was served as an individual and "as the registered agent" for "Thiessen Farms;" as noted above, "Thiessen Farms" is a non-entity, unrelated to the events in this suit and has no "registered agent." Under these circumstances, this Answer is submitted on behalf of Brian Thiessen, individually, and to the extent that it

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX (307) 638-7882

1

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE WYOMING 82001
(307) 634-7500
FAX (307) 638-7882

may be construed that Brian Thiessen was doing business as "Thiessen Farms," on behalf of Brain Thiessen, d/b/a Thiessen Farms.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 8, and 14.

3. Defendant denies the allegations contained in Paragraphs 11 and 13.

4. Paragraph 9 merely incorporates by reference all preceding allegations of the Complaint and in answer thereto, Defendant incorporates by reference all of his admissions, denials, and affirmative defenses stated herein.

5. In specific response to Paragraph 4, Defendant admits that Thiessen resided and continues to reside in Canada, denies that "Thiessen Farms" is a Canadian company, that Thiessen owns and/or was employed with "Thiessen Farms" or that he was acting within the course and scope of employment with "Thiessen Farms," and affirmatively asserts that "Thiessen Farms" is an unincorporated, non-entity, a colloquial name which is used to identify the farming of certain parcels of land in Canada, and is unrelated to the events alleged in Plaintiffs' Complaint.

6. In specific response to Paragraph 5, Defendant admits that on or about November 9, 2007, an employee of R&S was driving a derrick truck northbound on Wyoming State Highway 59 within Converse County, Wyoming, and that another truck, driven by R&S employees was following the derrick truck and denies that as the vehicles were approaching the intersection, that the R&S vehicles signaled their intention to turn left onto the roadway. Defendant affirmatively asserts that the R&S vehicles had pulled off to the right of the highway and out of the lane of travel, that the derrick truck did not signal an intention to turn left across the lanes of travel onto the intersecting roadway or that no signal was visible due to a heavy accumulation of dirt and oil on the truck and its lights; that the driver of the crew truck waived his hand out of the window which Brian Thiessen reasonably understood to signal him to pass, that the driver of the crew truck did not utilize a turn signal until the Thiessen vehicle was already alongside it in the passing lane – thus, leaving no opportunity for Thiessen to

2

anticipate the R&S trucks' turn and react accordingly, and denies all other allegations contained in or implied by Paragraph 5.

7. In specific response to Paragraph 6, Defendant admits that State Highway 59 is a two lane highway at the intersection with the roadway onto which the R&S derrick truck attempted to turn, denies that the R&S vehicles properly signaled their intention to turn and denies all other allegations contained in or implied by Paragraph 6.

8. In specific response to Paragraph 7, Defendant admits that a commercial vehicle owned individually by Brian Thiessen, and driven by Thiessen, attempted to pass the R&S derrick truck and crew truck on the left in the southbound lane of Highway 59; denies that the Thiessen vehicle is owned by "Thiessen Farms;" affirmatively asserts that Thiessen attempted to pass the R&S trucks as a result of the R&S vehicles having pulled off to the right of the highway and out of the lane of travel and without signaling an intent to navigate a left turn across the lanes of travel onto the roadway from its location to the right of the highway, that the driver of the crew truck waived his hand out of the window which Brian Thiessen reasonably understood to signal him to pass, that while Thiessen was passing the R&S vehicles, the R&S derrick truck began to negotiate a left turn from its position off to the right of the highway, across the lanes of traffic, and in the direct path of the Thiessen vehicle onto the intersecting highway, causing a collision with the Thiessen truck and resulting in damage to the Thiessen truck, and denies all other allegations contained in or implied by Paragraph 7.

9. In specific response to Paragraph 10, Defendant admits that all operators of motor vehicles on the highway, including the Plaintiffs' drivers, owe a duty of care to all other users of the highway to operate their vehicles in a safe and reasonable manner and in compliance with the traffic statutes of the State of Wyoming, affirmatively states that Thiessen exercised due care, and denies all other allegations contained in or implied by Paragraph 10.

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX (307) 638-7882

3

10. In specific response to Paragraph 12, Defendant admits that the Thiessen vehicle and the R&S derrick truck collided and denies all other allegations contained in or implied by Paragraph 12.

11. Defendant denies each and every other allegation not otherwise admitted or otherwise addressed in this Answer.

## AFFIRMATIVE DEFENSES

As for their affirmative defenses, Defendant state and allege as follows:

1. Plaintiffs' Complaint, or certain causes therein, fails to state a claim upon which relief may be granted.

2. Insofar as Defendant Brian Thiessen and the allegations contained in Plaintiffs' Complaint is concerned, Defendant "Thiessen Farms" is a non-entity and not a proper party to this lawsuit.

3. Plaintiffs' claims for damages are barred, at least in part, to the extent that Plaintiffs have failed to mitigate their damages.

4. Plaintiffs have not adequately pleaded or stated the amount of damages sought in accordance with W.R.C.P. 9(g)

5 Plaintiff R&S Well's driver(s) was negligent, which negligence was a proximate cause of the damages claimed to have been sustained by the Plaintiffs.

6. The damages alleged by Plaintiffs resulted from the acts or omissions of R&S Well's driver(s), over whom Defendant had no control or right of control, and for whom Defendant is not responsible.

7. Any act or omission on the part of Defendant was not a proximate cause of the accident and damages described in Plaintiffs' Complaint.

8. If liability is assessed against Defendant, the negligence of all parties, including that of the Plaintiffs' driver(s), must be assessed, evaluated, and apportioned among all of the actors in proportion to their respective fault.

9. Any negligence on the part of the Plaintiffs' driver(s) reduces Plaintiffs' claims in proportion to the percentage of negligence attributable to the Plaintiffs' driver(s).

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE WYOMING 82001
(307) 634-7500
FAX. (307) 638-7882

10. Defendant did not breach any duty of care to the Plaintiffs, their drivers, or anyone else.

11. Defendant reserves the right to affirmatively assert the negligence or fault of other actors other than the parties to this litigation, that Plaintiffs have failed to join necessary parties without whom complete and fair relief cannot be accorded, as well as other affirmative defenses, the applicability of which may become apparent during discovery.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of their Complaint, that Defendant has his costs herein expended and for such other and further relief as the Court deems appropriate.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff, Brian Thiessen ("Thiessen") for his Counterclaim against R&S Well Service, Inc. states and alleges as follows:

1. On information and belief, R&S Well Service, Inc. ("R&S") is, and at all pertinent times was, a Wyoming corporation, with its principal place of business located in Thermopolis.

2. On information and belief, Eric Rouse, and at all pertinent times was, an employee, agent, or contractor of R&S and, as such, under the doctrine of respondeat superior, R&S is liable for Rouse's negligence while acting within the course and scope of his employment.

3. On or about November 9, 2007, Eric Rouse was employed or engaged by R&S to operate a 1981 derrick vehicle owned by R&S, and was operating the derrick vehicle north-bound on Highway 59 near mile post marker 15.8 in Converse County, Wyoming within the course and scope of his employment with R&S.

4. On or about November 9, 2007, Defendant/Counterclaimant Brian Thiessen was operating a 2001 Peterbuilt semi-tractor with an attached trailer, both of which were owned by Brian Thiessen (collectively, the "Thiessen vehicle") and was

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX (307) 638-7882

operating the Thiessen vehicle north-bound on Highway 59 near mile post marker 15.8 in Converse County, Wyoming, behind the R&S derrick and crew vehicles, when the R&S vehicles pulled off to the right of the highway and out of the lane of travel.

5. The R&S derrick truck driver did not utilize his vehicle turn signal to indicate that he intended to navigate a left turn across the lanes of travel from his position on the right side of the highway, or such signal was not visible due to a heavy accumulation of dirt and oil.

6. The driver of the R&S crew truck waived his hand out of the window, which Thiessen reasonably understood to mean that the R&S vehicles were puling aside to permit Thiessen to pass.

7. The R&S crew truck driver did not utilize his vehicle turn signal to indicate that he intended navigate a left turn across the lanes of travel from his position to the right of the highway and out of the lanes of travel, until after the Thiessen vehicle had already begun to pass it – thus, leaving no opportunity for Thiessen to anticipate the R&S trucks' turn and react accordingly.

8. As Thiessen began to pass the R&S derrick vehicle, the R&S derrick driver began to turn his vehicle left from his position to the right of the highway and out of the lanes of travel, across the lanes of traffic, and in the direct path of the Thiessen vehicle, such that the Thiessen vehicle and the R&S vehicle collided.

9. As a result of the negligence of R&S' driver, Eric Rouse, and his violation of several Wyoming Statutes, the R&S vehicle collided with the front of the Thiessen vehicle, causing significant damage to the Thiessen vehicle totaling approximately $48,195.70, in addition to loss of use damages during repairs to the vehicle.

WHEREFORE, this Counterclaim Plaintiff prays that judgment be entered against the Counterclaim Defendant R&S and in favor of this Counterclaim Plaintiff for all amounts to which it may be liable to the Counterclaim Plaintiff, and for further and other relief as the Court may deem just and proper in the premises.

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX. (307) 638-7882

Dated this 2nd day of April, 2009.

By: _____
Heather A. Zadina, # 6-4054
Murane & Bostwick, LLC
508 West 27th Street
Cheyenne, Wyoming 82001-3031
Phone: (307) 634-7500
Fax: (307) 638-7882
E-mail: haz@murane.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of April, 2009, a true and correct copy of the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM,** was served upon the following by placing a copy of the same in the U.S. Mail, postage prepaid, and addressed as follows:

Richard R. Rardin, #5-2888
Cozen O'Connor
707 17th Street, Suite 3100
Denver, Colorado 80202

Mark W. Gifford
Gifford & Brinkerhoff
243 South Park Street
P.O. Box 2508
Casper, Wyoming 82602
*Attorneys for Plaintiffs*

_____
Barbara C. Veenstra