Mark W. Gifford
P.O. Box 2508
Casper, Wyoming 82602
(307) 265-3265
Fax:    (307) 265-3266
mark@giffordbrinkerhoff.com

Attorney for Plaintiffs/Counter-defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| R&S WELL SERVICE, INC., a Wyoming corporation, and MARKEL INSURANCE COMPANY, a Virginia corporation, | ) ) ) ) | |
| Plaintiffs/Counter-defendants, | ) ) | |
| vs. | ) ) | Case No. 09-CV-72-B |
| BRIAN THIESSEN, individually, and THIESSEN FARMS, a foreign corporation, | ) ) ) | |
| Defendant/Counter-plaintiff. | ) ) | |

## ANSWER TO COUNTERCLAIM

COME NOW Plaintiffs/Counter-defendants, R&S Well Service, Inc. ("R&S") and

Markel Insurance Company ("Markel"), by and through their counsel, Mark W. Gifford,

and answer the Defendant/Counter-plaintiff's Counterclaim as follows:

1.      Paragraph 1 is admitted.

2.      In response to paragraph 2, Plaintiffs admit that Eric Rouse was at all pertinent times an employee of R&S.   In response to the remaining allegation of paragraph 2, Plaintiffs states that said allegation is one of law, not of fact, and therefore requires no response.   To the extent said allegation represents an allegation of fact, Plaintiffs deny the same.

3.      Paragraph 3 is admitted.

4.      In response to paragraph 4, Plaintiffs deny that R&S vehicles pulled off to the right of the highway and out of the lane of travel.   Plaintiffs lack knowledge of the remaining allegations in paragraph 4 and therefore deny the same.

5.      Paragraph 5 is denied.

6.      Paragraph 6 is denied.

7.      Paragraph 7 is denied.

8.      In response to the allegations of paragraph 8, Plaintiffs admit that the Thiessen vehicle collided with the R&S vehicle when Defendant Thiessen began to pass the R&S vehicle as it was executing a left turn.   Plaintiffs deny the remaining allegations of paragraph 8.

9.      In response to the allegations of paragraph 9, Plaintiffs admit that the front of the Thiessen vehicle collided with the R&S vehicle but deny that R&S' driver, Eric

Rouse, was negligent or violated Wyoming Statutes.  Plaintiffs lack knowledge of the remaining allegations in paragraph 9 and therefore deny the same.

### AFFIRMATIVE DEFENSES

1.      Defendant's Counterclaim fails to state a claim upon which relief can be granted.

2.      Plaintiffs did not breach any duty of care to Defendant.

3.      Any act or omission on the part of any Plaintiff R&S employee(s) was not a proximate cause of the collision between the Thiessen vehicle and the R&S vehicle or damages alleged in Defendant's Counterclaim.

4.      Defendant Thiessen was negligent in the operation of his vehicle, which negligence was the proximate cause of the damages Defendant alleges to have suffered.

5.      Defendant Thiessen's fault exceeds fifty percent and, therefore, Defendant is not entitled to recover any damages on his Counterclaim pursuant to Wyoming's Comparative Fault Statute.

6.      Any fault on the part of Defendant/Counter-plaintiff Thiessen reduces Defendant's claims in proportion to the percentage of fault attributable to Defendant Thiessen pursuant to Wyoming's Comparative Fault Statute.

WHEREFORE, Plaintiffs/Counter-defendants pray that the Counterclaim be dismissed with prejudice, and that Defendant/Counter-plaintiff take nothing thereby; that

judgment be awarded in favor of Plaintiffs on their Complaint; that Plaintiffs be awarded

their attorneys' fees and costs incurred in this action; and for such other and further relief

as the Court deems just and equitable.

DATED this 21st day of April, 2009.

R&S WELL SERVICE, INC., and
MARKEL INSURANCE COMPANY,
Plaintiffs/Counter-defendants,

By_____/s/_____
MARK W. GIFFORD
243 South Park Street
P.O. Box 2508
Casper, Wyoming  82602
(307) 265-3265
(307) 265-3266 (fax)
mark@giffordbrinkerhoff.com

Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing document
has been *e-filed* and thereby electronically served, as well as sent via U.S. Mail, first class
postage prepaid, this 21st day of April, 2009, to the following:  Heather A. Zadina,
haz@murane.com, Murane & Bostwick, 508 West 27th Street, Cheyenne, Wyoming
82001-3031.



_____/s/_____
Mark W. Gifford