Brian J. Hunter
Wyo. Bar #6-4416
McKellar, Tiedeken & Scoggin, LLC
702 Randall Ave.
Cheyenne, WY 82001
307-637-5575
307-637-5515-fax

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| R&S WELL SERVICE, INC., a Wyoming corporation, and MARKEL INSURANCE COMPANY, a Virginia corporation, | )<br>)<br>) |
| Plaintiffs/Counter-defendant, | ) |
| vs. | ) Case No. 09-CV-72-B |
| BRIAN THIESSEN, individually, and THIESSEN FARMS, a foreign corporation, | )<br>) |
| Defendant/Counter-plaintiff. | ) |

_____

### PLAINTIFF AND COUNTER-DEFENDANT'S RESPONSE TO:
### "DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENTS OF INDIVIDUALS NOT APPEARING AS WITNESSES AT TRIAL"
_____

**COMES NOW**, Plaintiff and Counter-Defendant, through counsel, Brian J. Hunter of McKellar, Tiedeken & Scoggin, LLC, and Mark Gifford of the Law Offices of Gifford & Brinkerhoff, and submit the following response to *Defendant's Motion in Limine to Exclude Statements of Individuals not Appearing as Witnesses at Trial:*

#### BACKGROUND

On or about November 9, 2007, an employee of R&S Well Service ("R&S") was driving a derrick truck on Wyoming State Highway 59 within Converse County, Wyoming, about 15 miles north of Douglas. Other employees of R&S were following the derrick truck in an R&S crew truck. The lights and blinkers on the R&S vehicles were working properly. As the vehicles were approaching an intersection with a roadway, both R&S vehicles slowed and signaled their intention to turn left onto the roadway. State Highway 59 is a two lane highway at the intersection with the roadway.

As the derrick truck was executing the left turn, a semi truck owned and driven by Brian Thiessen attempted to pass the R&S vehicles on the left and in the southbound lane of Highway 59. While attempting to pass, Thiessen's vehicle collided with the front end of the R&S derrick truck causing considerable damage to the cab of the rig and the crown of the derrick (which overhangs the cab during transportation). As a result of the collision both the R&S derrick truck and the Thiessen vehicle sustained substantial physical damage.

Shortly after the time of the accident the R&S requested that each of its employees present at, and who witnessed the accident, submit a written statement concerning the facts of the accident. The statements were requested, made and kept as part of the regularly conducted business activities of R&S. Such records are routinely made and kept in order to investigate work related accidents and improve worker safety.

## ARGUMENT

The statements proposed by Defendant for exclusion in his Motion in Limine are ordinarily considered hearsay under the Federal Rules of Evidence. However, Federal Rule of Evidence 803(6) provides an exception to the rule under certain circumstances relating to business records kept in the course of regularly conducted business activity:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . .

The statements referenced by Thiessen in his Motion in Limine fall within this exception because the statements were requested, made and kept as part of the regularly conducted business activities of R&S. It is this company's regular practice to investigate work related accidents in an effort to improve worker safety and as a means of providing adequate documentation regarding claims for property damage to its insurer. See Affidavit of Mike Carter, R&S Well Service Manager, attached hereto as Exhibit A and incorporated herein by this reference.

Contemporaneous witness statements may be admitted under Rule 803(6) where they contain factual findings based upon the personal knowledge or observations of the preparer of the statement and are made pursuant to a business duty to report. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009); *Agriculture Ins. Co., Inc. v. Ace Hardware*

*Corp.*, 214 F.Supp.2d 413, 416 n.3 (S.D.N.Y. 2002) (statements of employee eyewitnesses to accident may be admissible under the business records exception where employees had a duty to report pursuant to the regular course of business activity); *Columbia First Bank, FSB v. U.S.*, 58 Fed.Cl. 333, 338-39 (Fed. Cl. 2003) ("Business records may be episodic, not day-to-day, and still fit the hearsay exception").

These statements were written on either November 9, 2007, the day of the accident, or within 3 days following the accident on November 12, 2007.  Thus, the R&S employees provided these statements at or near the time of the incident ensuring the reliability and clarity of each of the authors' observations and recollection of the events leading up to the accident.  Furthermore, the parties' efforts to locate both Dan Edelman and David Wright have been unsuccessful.  Neither of these two potential witnesses are employed by R&S and attempts to locate them by telephone, mail or by Deposition Subpoena issued by counsel for Mr. Thiessen have all failed.  As it is the purpose of this Court and these proceedings to ascertain the truth of the facts and circumstances surrounding this accident to ensure that the proper party is compensated for its damages, it stands to reason that these statements should be admitted for the purpose of showing the information known to these witnesses at the time this accident occurred.

### CONCLUSION

**WHEREFORE**, R&S respectfully requests that the Court enter its Order Denying Defendant's *Motion in Limine to Exclude Statements of Individuals Not Called as Witnesses at Trial* and for such other and further relief as the Court deems proper in the premises.

**DATED** this 24 day of November, 2009.

    __/s/ Brian J. Hunter_____
Brian J. Hunter
Wyo. Bar #6-4416
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY 82003
307-637-5575
bhunter@mtslegal.net
ATTORNEY FOR COUNTER-DEFENDANT

and

Mark W. Gifford
Law Offices of Gifford and Brinkerhoff
P.O. Box 2508
Casper, WY 82602
307-265-3266
mark@giffordbrinkerhoff.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 24 day of November, 2009, a true and correct copy of the foregoing document was served as follows:

| | |
|---|---|
| Heather A. Zadina | (____) U.S. Mail |
| Murane & Bostwick | (____) HAND DELIVERY |
| 508 West 27th Street | (____) FACSIMILE |
| Cheyenne, WY  82001-3031 | (_✓_) OTHER – *e-filing* |

                             By:   __*/s/ Brian J. Hunter*_____