MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

Heather A. Zadina

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| R&S WELL SERVICE, INC., a Wyoming Corporation, and MARKEL INSURANCE COMPANY, a Virginia Corporation | ) ) ) ) ) |
| Plaintiffs | ) ) |
| -vs- | ) Case No.: 09 CV 72 ) |
| BRIAN THIESSEN, an individual | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S REPLY TO PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENTS OF INDIVIDUALS NOT APPEARING AS WITNESSES AT TRIAL

Defendant, by and through counsel, submits this reply to Plaintiff/Counter-defendant's Response to its Motion in Limine to Exclude Statements of Individuals Not Appearing as Witnesses at Trial in an effort to ensure that the Court is fully briefed on all pertinent issues In support, Defendant states the following:

1. As set forth in Defendant's earlier Motion, following the accident in question, Plaintiff/Counter Defendant (hereafter, "Plaintiff") R&S Well Service, Inc. requested that its employees involved in or present at the time of the accident fill out a

1

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

brief statement concerning the accident. Defendant moved to have these statements excluded as evidence on the basis of hearsay, as at least two of these employees are unable to be located by Plaintiff and are not expected to be called at trial. Plaintiff asserts in its Response that the statements in question should be admitted under the "business records" exemption to the hearsay rule. In a similar situation, the United States Supreme Court in *Palmer v. Hoffman*, 318 U.S. 109 (1943) held that a written statement made by a railroad employee pursuant to its requirement that employees make records concerning accidents was not subject to the business record exemption. In its decision, the Court stated:

> It is not a record made for the systematic conduct of the business as a business. An accident report may affect that business in the sense that it affords information on which the management may act. It is not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. The conduct of a business commonly entails the payment of tort claims incurred by the negligence of its employees. But the fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made 'in the regular course' of the business within the meaning of the Act. If it did, then any law office in the land could follow the same course, since business as defined in the Act includes the professions. We would then have a real perversion of a rule designed to facilitate admission of records which experience has shown to be quite trustworthy. Any business by installing a regular system for recording and preserving its version of accidents for which it was potentially liable could qualify those reports under the Act. The result would be that the Act would cover any system of recording events or occurrences provided it was 'regular' and though it had little or nothing to do with the management or operation of the business as such. Preparation of cases for trial by virtue of being a 'business' or incidental thereto would obtain the benefits of this liberalized version of the early shop book rule. The probability of

2

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

> trustworthiness of records because they were routine reflections of the day to day operations of a business would be forgotten as the basis of the rule.

*Id.* at 113-14.

This ruling was essentially re-affirmed by the Supreme Court in *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527, 2538 (2009):

> Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status. But that is not the case if the regularly conducted business activity is the production of evidence for use at trial. Our decision in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), made that distinction clear. There we held that an accident report provided by an employee of a railroad company did not qualify as a business record because, although kept in the regular course of the railroad's operations, it was "calculated for use essentially in the court, not in the business.

In the case at bar, the proffered statements do not fit under the requirements for the exception as they were not "kept in the course of a **regularly conducted business activity**." (W.R.E. 803(6))(Emphasis added). R&S Well Service, Inc. is a business concerned with the placement and drilling of oil wells. The accident reports offered by Plaintiff, which are ostensibly authored by its employees, have no relation to the business R&S is engaged in.

2.    In addition, the proffered documents have a substantial lack of trustworthiness and, if offered to the jury, will be misleading and prejudicial. This is evidenced from the deposition examinations of the two employees who could be located and deposed, Aaron Wolfe and Eric Rouse. For example, Rouse's written statement, which is akin to those at of the two non-witness employees, states "the crew

3

MURANE & BOSTWICK
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

truck and dog house with blinkers on [was] behind me." In his deposition, however, Rouse testified as follows:

> Q. And you stated that the crew truck and doghouse with blinkers on behind me. Could you see the crew truck behind you?
> A. No.
> Q. How do you know –
> A. Because they told me their blinkers were on, so I'm assuming they were, I guess.
> Q. So you don't know that from personal knowledge. Right?
> A. No.

(*See,* Exhibit A, Deposition Transcript 49:22 – 50:6).

Moreover, in Mr. Wolfe's statement, he stated "I know that all of our lights and blinkers were working properly." In his deposition, however, he testified:

> Q. So is if fair to say you didn't test that the lights and blinkers were working on the oil rig that morning?
> A. Its fair to say that if the lights are working, that the blinkers would work, as well. And I remember seeing the blinkers on when we were turning.
> Q. And why is it fair to say if the lights worked, the blinkers would work as well?
> A. Just assumed that it would.
> Q. Did you check the lights and blinkers on the crew truck that morning?
> A. No.
> Q. Did you check the lights and blinkers on the doghouse trailer?
> A. No.

(*See,* Exhibit B, Deposition Transcript 32:20 – 33:9).

As indicated by the above, it is clear that the information contained in the statements filled out by Plaintiff's employees are not necessarily based upon personal knowledge and may be based upon mere assumptions or hearsay itself.

3. The proffered documents are precisely the type of evidence which the hearsay rule was created to address. The business records exemption does not apply

4

**MURANE & BOSTWICK**
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

as the recording of accidents by employees, even if the policy and procedure of Plaintiff, has nothing to do with the regularly conducted business activities of Plaintiff's business as an oil well drilling service, as required by W.R.E. 803(6). Additionally, as evidenced by the deposition testimony of the available R&S employees, the reports in question lack the indicia of trustworthiness required for an exception to the hearsay rule and counsel for Defendant cannot cross-examine a piece of paper. For all of these reasons, Defendant prays the Court for an order granting Defendant's Motion.

Dated this 22nd day of April, 2010.

By: _____
Heather A. Zadina, #6-4054
Murane & Bostwick, LLC
508 West 27th Street
Cheyenne, Wyoming 82001-3031
(307) 634-7500
Fax: (307) 638-7882
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of April, 2010 at Cheyenne, Wyoming, served the above and foregoing **DEFENDANT'S REPLY TO PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS OF INDIVIDUALS NOT APPEARING AS WITNESSES AT TRIAL**, electronically to the following:

Mark W. Gifford
Gifford & Brinkerhoff
243 South Park Street
P.O. Box 2508
Casper, Wyoming 82602
mark@giffordbrinkerhoff.com
*Attorneys for Plaintiffs*

Julie Tiedeken
Brian Hunter
McKellar, Tiedeken, & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, Wyoming 82003
jtiedeken@mtslegal.net
bhunter@mtslegal.net
*Attorneys for Counter-Defendant R&S Well*