**MURANE & BOSTWICK**
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

Heather A. Zadina

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| R&S WELL SERVICE, INC., a Wyoming Corporation, and MARKEL INSURANCE COMPANY, a Virginia Corporation | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Docket No. 09 CV 72 |
| BRIAN THIESSEN, an individual | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant Brian Thiessen, submits the below instructions for submission

to the jury in this matter:

1. Juror Note-taking - W.C.P.J.I. 1.02A

2. Direct & Circumstantial Evidence - W.C.P.J.I. 1.02C

3. Expert Testimony - W.C.P.J.I. 1.02D

4. Layperson Testimony - W.C.P.J.I. 1.02E

5. Judge's Questions to Witnesses - O'Malley, Grenig, & Lee, § 102.72

6. "Negligence" - Defined - O'Malley, Grenig, & Lee, § 120.02

7. "Ordinary Care" - Defined - O'Malley, Grenig, & Lee, § 120.10

8. Ordinary Care - A Relative Term - O'Malley, Grenig, & Lee, § 120.11

**MURANE & BOSTWICK**
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

9.  "Proximate Cause" - Defined - O'Malley, Grenig, & Lee, § 120.60

10. More Than One Proximate Cause - O'Malley, Grenig, & Lee, § 120.61

11. Burden of Proof - W.C.P.J.I. 3.01

12. Preponderance of the Evidence - O'Malley, Grenig, & Lee, § 104.01

13. Comparative Fault Among Parties - W.C.P.J.I. 10.03

14. Right to Assume Compliance with the Law  - W.C.P.J.I. 7.02

15. Vicarious Liability Admitted - Effect - W.C.P.J.I. 8.09 (as modified)

16. Violation of Statute - W.C.P.J.I. 2.06 (as modified)

17. Driving on Right Side of Roadway - Wyo. Stat. Ann. § 31-5-201

18. Turning Movements and Required Signals - Wyo. Stat. Ann. § 31-5-217

19. Signals by Hand and Arm or Signal Lamps - Wyo. Stat. Ann. § 31-5-218

20. Manner of Giving Hand and Arm Signals - Wyo. Stat. Ann. § 31-5-219

21. Entering or Crossing Roadway - Wyo. Stat. Ann. § 31-5-223

22. Damages Stipulated

23. Damages - Reasonable Not Speculative - O'Malley, Grenig, & Lee, § 128.60

24. Mitigating Damages - W.C.P.J.I. 4.08

25. Duties in Deliberation - O'Malley, Grenig, & Lee, § 103.50

26. Defendant's Contention Statement

27. Verdict Form

DATED this _____ day of _____, 2010.

**MURANE & BOSTWICK**
508 WEST 27TH STREET
CHEYENNE, WYOMING 82001
(307) 634-7500
FAX: (307) 638-7882

By: _____

Heather A. Zadina
Murane and Bostwick, LLC
508 West 27th Street
Cheyenne, WY 82001-3031
Phone:  (307) 634-7500
Fax:  (307) 638-7882
E-mail:  haz@murane.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this _____ day of _____, 2010, a true and correct copy of the foregoing **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**, was served electronically or by U.S. mail, if necessary, upon the following:

Mark Gifford
Gifford & Brinkerhoff
243 South Park Street
Casper, Wyoming 82602

Julie Tiedeken
Brian Hunter
McKellar, Tiedeken, & Scoggin
702 Randall Avenue
Cheyenne, Wyoming 82001

INSTRUCTION NO. _____

### NOTETAKING - PERMITTED

During this trial, I will permit you to take notes.  Of course, you are not obliged to take notes.  If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order.  You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to deciding this case.

GIVEN:

_____
Judge

Section 101.13
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 1

**INSTRUCTION NO. _____**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a

case - direct and circumstantial evidence.  An example of direct evidence is the testimony of one

who asserts actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is the

proof of facts or circumstances from which the existence or non-existence of other facts may be

reasonably inferred.  The law makes no distinction between the weight to be given to either direct

or circumstantial evidence.  Both direct evidence and circumstantial evidence are acceptable

forms of proof and should be given the weight you feel is appropriate in light of all of the

evidence.

GIVEN:

_____
Judge

W.C.P.J.I. 1.02C
DEFENDANT'S PROPOSED INSTRUCTION NO. 2

**INSTRUCTION NO. _____**

**<u>EXPERT TESTIMONY</u>**

A person is qualifies to testify as an expert if he/she has special knowledge, skill, experience, training, or education sufficient to qualify him/her as an expert on the subject about which he/she testifies.

An expert witness may offer opinions on questions regarding the issues in the case to assist you in deciding the issues.  You are not bound to accept an expert's opinion as conclusive, but should give it the weight to which you feel it is entitled.

In determining the weight to be given to an opinion, you may consider the qualifications of the expert, the credibility of the expert, the information upon which the opinion is based, and the reason for the opinion.

You may disregard an expert's opinion if you find it to be unreasonable or not adequately supported.

GIVEN:

_____
Judge

W.C.P.J..I. 1.02D
DEFENDANT'S PROPOSED INSTRUCTION NO. 3

**INSTRUCTION NO. _____**

**<u>OPINION TESTIMONY BY LAY WITNESS</u>**

In determining the weight to be given to an opinion expressed by any witness, who did

not testify as an expert witness, you should consider credibility, the extent of the witness'

opportunity to perceive the matters upon which the opinion is based, and the reasons, if any,

given for it.  You may disregard any opinion if you find it to be unreasonable or not adequately

supported.

GIVEN:

_____
Judge

W.C.P.J.I. 1.02E
DEFENDANT'S PROPOSED INSTRUCTION NO. 4

**INSTRUCTION NO. _____**

**<u>JUDGE'S QUESTIONS TO WITNESSES</u>**

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.  I may ask a question simply to clarify a matter, not to help one side of the case or to hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

GIVEN:

_____

Judge

Section 102.72
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 5

**INSTRUCTION NO. _____**

**"NEGLIGENCE" DEFINED**

"Negligence" is the doing of some act a reasonably prudent person would not do, or the

failure to do something a reasonably prudent person would do, when prompted by considerations

that ordinarily regulate the conduct of human affairs.  In other words, it is the failure to use

ordinary care under the circumstances in the management of one's person or property, or of

agencies under one's control.


GIVEN:

_____
Judge

Section 120.02
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 6

**INSTRUCTION NO. _____**

**"ORDINARY CARE" -  DEFINED**

"Ordinary care" is the care reasonably prudent persons exercise in the management of

their own affairs in order to avoid injury to themselves or their property, or to avoid injury to

persons or the property of others.

GIVEN:

_____
Judge

Section 120.10
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 7

**INSTRUCTION NO. _____**

**<u>ORDINARY CARE - A RELATIVE TERM</u>**

Ordinary care is not an absolute term, but a relative one.  In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in this case.

GIVEN:

_____
Judge

Section 120.11
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 8

**INSTRUCTION NO. _____**

**"PROXIMATE CAUSE" - DEFINED**

An injury or damage is proximately caused by an act or failure to act, whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

GIVEN:

_____
Judge

Section 120.60
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 9

**INSTRUCTION NO. _____**

**MORE THAN ONE PROXIMATE CAUSE**

The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury and damage; and in such a case, each may be a proximate cause.

GIVEN:

_____
Judge

Section 120.61
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 10

**INSTRUCTION NO. _____**

**<u>BURDEN OF PROOF</u>**

In this action, R&S Well Service, Inc. and Markel Insurance Company have the burden of proving by a preponderance of the evidence the following:

1.      That Brian Thiessen was negligent;

2.       That the negligence of Brian Thiessen was a cause of the damages claimed by R&S Well Service, Inc. and Markel Insurance Company;

3.      The elements of R&S Well Service, Inc. & Markel Insurance Company's damages and the amounts thereof;

4.      That the negligence of Brian Thiessen caused or contributed to the damages claimed by R&S Well Service, INc. and Markel Insurance Company.

Brian Thiessen has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following:

1.      That Eric Rouse, the driver for R&S Well Service, Inc. was negligent;

2.      That the negligence of Eric Rouse was a cause of the damages claimed by Brian Thiessen

3.      The elements of Brian Thiessen's damages and the amount thereof;

4.      That the negligence of Eric Rouse caused or contributed to the damages claimed by Brian Thiessen.

In determining whether an issue has been proved by a preponderance of the evidence, you

should consider all of the evidence bearing upon that issue regardless of who produced it.

GIVEN:

_____
Judge

W.C.P.J.I. 3.01 (as modified)
DEFENDANT'S PROPOSED INSTRUCTION NO. 11

**INSTRUCTION NO. _____**

**<u>PREPONDERANCE OF THE EVIDENCE</u>**

In a civil action where each party asserts a claim against the other, such as this, each party

has the burden to prove every essential element of their claims by a preponderance of the

evidence.  If a party should fail to establish any essential element of its claims by a

preponderance of the evidence, you should find for the opposing party as to that claim.

"Establish by a preponderance of the evidence" means to prove something that is more

likely than not.  In other words, a preponderance of the evidence means such evidence as, when

considered and compared with the evidence opposed to it, has more convincing force, and

produces in your minds belief that what is sought to be proved is more likely than not true.  This

standard does not require proof to an absolute certainty, since proof to an absolute certainty is

seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the

evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless

of who may have called them, and all exhibits received in evidence, regardless of who may have

produced them.

GIVEN:

_____
Judge

Section 104.01 (as modified)
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 12

**INSTRUCTION NO. _____**

<u>**COMPARATIVE FAULT**</u>

Your verdict in this case must be determined on the basis of comparative fault of the parties.

Brian Thiessen  is at fault for R&S Well Service, Inc. and Markel Insurance Company's damages if Mr. Thiessen was negligent and you determine this to be a cause of R&S Well Service, Inc. and Markel Insurance Company's damages.

R&S Well Service is at fault for its and Markel Insurance Company's own damages if its driver, Eric Rouse, was negligent and you determine this to be a cause of R&S Well Service, Inc. and Markel Insurance Company's damages.

Likewise, R&S Well Service, Inc. is at fault for Brian Thiessen's damages if its driver, Eric Rouse, was negligent and you determine this to be a cause of Brian Thiessen's damages.

Brian Thiessen is at fault for its own damages if he was negligent and you determine this to be a cause of his damages.

The term "negligence" is explained in other instructions.

It will be necessary for you to determine the comparative fault, if any, of each of the parties involved in the occurrence.  It will also be necessary for you to determine the total amount of damages, if any, sustained by each of the parties involved.

Your findings as to fault will effect the parties' recovery.  It is my duty to explain how that may occur.

A party's liability for damages is limited to the percentage of fault, if any, that you find is

attributable to it.

A party's recovery is reduced by the percentage, if any, of fault that you find is attributable to it.  If you find that a party's fault exceeds fifty percent (50%), that party will not be entitled to recover any damages.

The verdict form provided to you includes spaces for you to record your determination of the parties' comparative fault on a percentage basis.

If you find that a party was at fault in some percentage, do not make an adjustment to account for the percentage of fault that you attribute to that party when you record the total amount of that party's damages, if any, on the verdict form.  The judge- not the jury - is responsible for reducing a party's recovery to account for the percentage of fault, if any, that the jury attributes to it.

In explaining the consequences of your verdict, I have not meant to imply that either party is at fault.  That is for you to decide in conformity with these instructions.


GIVEN:


_____
Judge

W.C.P.J.I. 10.01A (as modified)
DEFENDANT'S PROPOSED INSTRUCTION NO. 13

**INSTRUCTION NO. _____**

**<u>RIGHT TO ASSUME COMPLIANCE WITH LAW</u>**

Every driver may assume that other persons will obey the law and exercise due care, in

the absence of reasonable cause to believe otherwise.


GIVEN:


_____

Judge



W.C.P.J.I. 7.02
DEFENDANT'S PROPOSED INSTRUCTION NO. 14

**INSTRUCTION NO. _____**

**VICARIOUS LIABILITY ADMITTED - EFFECT**

R&S Well Service, Inc. was the employer of Eric Rouse, and admits that Eric Rouse was

acting within the scope and course of his employment at the time of the accident.  If you find Eric

Rouse was negligent, then R&S Well Service, Inc.  is legally responsible for that negligence.

GIVEN:

_____
Judge

W.C.P.J.I. 8.09 (as modified)
DEFENDANT'S PROPOSED INSTRUCTION NO. 15

**INSTRUCTION NO. _____**

**<u>VIOLATION OF A STATUTE</u>**

Violation of a statute is evidence of negligence.  If you determine that a driver violated a

statute on the occasion in question and that the violation played a substantial part in bringing

about the accident and the damages, then you may consider that fact together with all the other

facts and circumstances in evidence in determining whether or not that driver was at fault at the

time of the accidents.


GIVEN:


_____
Judge


W.C.P.J.I. 2.06 (as modified)
DEFENDANT'S PROPOSED INSTRUCTION NO. 16

INSTRUCTION NO. _____

**<u>DRIVING ON RIGHT SIDE OF ROADWAY; EXCEPTIONS</u>**

You are instructed that at the time of the collision in question, the statutes of the State of

Wyoming stated as follows:

(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of
the roadway, except as follows:

(i) When overtaking and passing another vehicle proceeding in the same direction under
the rules governing the movement;

GIVEN:

_____

Judge

Wyo. Stat. Ann. § 31-5-201(a)(i)
DEFENDANT'S PROPOSED INSTRUCTION NO. 17

**INSTRUCTION NO. _____**

**TURNING MOVEMENTS AND REQUIRED SIGNALS**

You are instructed that at the time of the collision in question, the statutes of the State of

Wyoming stated as follows:

(a) No person shall turn a vehicle or move right or left upon a roadway unless and until
the movement can be made with reasonable safety nor without giving an appropriate
signal in the manner provided by this section.

(b) A signal of intention to turn right or left when required shall be given continuously
during not less than the last one hundred (100) feet traveled by the vehicle before turning.

GIVEN:

_____

Judge

Wyo. Stat. Ann. § 31-5-217 (a), (b)
DEFENDANT'S PROPOSED INSTRUCTION NO. 18

INSTRUCTION NO. _____

## SIGNALS BY HAND AND ARM OR SIGNAL LAMPS

You are instructed that at the time of the collision in question, the statutes of the State of

Wyoming stated as follows:

(a) Any stop or turn signal when required under this act shall be given either by means of the hand and arm or by signal lamps, except as otherwise provided in subsection (b) of this section..

(b) Any motor vehicle in use on a highway shall be equipped with, and required signal shall be given by, signal lamps when the distance from the center of the top of the steering post to the left outside limit of the body, cab or load of the motor vehicle exceeds twenty-four (24) inches, or when the distance from the center of the top of the steering post to the rear limit of the body or load thereof exceeds fourteen (14) feet.  The latter measurement shall apply to any single vehicle and to any combination of vehicles.

GIVEN:

_____
Judge

Wyo. Stat. Ann. § 31-5-218
DEFENDANT'S PROPOSED INSTRUCTION NO. 19

**INSTRUCTION NO. _____**

**MANNER OF GIVING HAND AND ARM SIGNALS**

You are instructed that at the time of the collision in question, the statutes of the State of

Wyoming stated as follows:

(a) All signals required under this act given by hand and arm shall be given from the left side of the vehicle in the following manner and the signals shall indicate as follows:.

(i) Left turn: Hand and arm extended horizontally.

GIVEN:

_____

Judge

Wyo. Stat. Ann. § 31-5-219 (a)(i)
DEFENDANT'S PROPOSED INSTRUCTION NO. 20

**INSTRUCTION NO. _____**

**<u>ENTERING OR CROSSING ROADWAY</u>**

You are instructed that at the time of the collision in question, the statutes of the State of

Wyoming stated as follows:

The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed.

GIVEN:

_____
Judge

Wyo. Stat. Ann. § 31-5-223
DEFENDANT'S PROPOSED INSTRUCTION NO. 21

**INSTRUCTION NO. _____**

**<u>DAMAGES STIPUIATED</u>**

The parties have stipulated that Brian Thiessen's damages amount to $48,273.02.  If you find that Brian Thiessen is entitled to recover in this case, you shall award his damages at that amount.


The parties have also stipulated that R&S Well Service, Inc. and Markel Insurance Company's <u>property</u> damages amount to $204,650.56.  If you find that R&S Well Service and Markel Insurance Company is entitled to recover in this case, you shall award their property damages at that amount.

GIVEN:

_____
Judge

W.C.P.J.I. 4.10 (as modified)
DEFENDANT'S PROPOSED INSTRUCTION NO. 22

**INSTRUCTION NO. _____**

**DAMAGES - REASONABLE NOT SPECULATIVE**

Damages must be reasonable.  If you should find that a party is entitled to a verdict, you may award that party only such damages as will reasonably compensate it for such damages as you find, from a preponderance of the evidence in the case, that it has sustained as a proximate result of the accident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss, that although possible, was not reasonably certain to have occurred in the future.

GIVEN:

_____
Judge

Section 128.60 (as modified)
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 23

**INSTRUCTION NO. _____**

**<u>MITIGATING DAMAGES</u>**

A person/company has the duty to take reasonable steps under the circumstances to reduce its injuries and damages.  Any damages resulting from a failure to take such reasonable steps cannot be recovered.

GIVEN:

_____

Judge

W.C.P.J.I. 4.08
DEFENDANT'S PROPOSED INSTRUCTION NO. 24

INSTRUCTION NO. _____

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.  You will note that some of the questions call for a "yes" or "no" answer, and some call for a number expressed as a percentage.  Your answers to each question must be the unanimous answer of the jury.

GIVEN:

_____

Judge

Section 103.50 (as modified)
O'Malley, Grenig, & Lee
DEFENDANT'S PROPOSED INSTRUCTION NO. 25

## INSTRUCTION NO. _____

## DEFENDANT'S CONTENTION STATEMENT

Brian Thiessen contends:

On or about November 9, 2007, Eric Rouse, an employee of the Plaintiff R&S Well

Service, Inc., was the driver of a R&S workover rig.  Rouse's oil rig off to the side of the road

near mile post marker 15.8 on north-bound Highway 59, in Converse County, Wyoming.  An

R&S  "crew truck" was behind the workover-rig.  On that day, Defendant/Counterclaimant, Brian

Thiessen, was operating a 2001 Peterbuilt semi-tractor with an attached trailer, both of which

were owned by him (collectively, the "Thiessen vehicle").  He was approaching the R&S vehicles

from the south.  Mr. Thiessen observed that the R&S vehicles were pulled off to the right of the

highway and out of the lane of travel, either stopped or traveling at a very slow rate of speed.

As Thiessen neared the R&S vehicles, he did not see any turn signals or other indication

that the R&S vehicles intended to turn left across the lanes of travel from their position on the

right side of the highway.  Mr. Thiessen observed the driver of the R&S crew-truck waive his

hand out of the window, which Thiessen reasonably understood to mean that the R&S vehicles

intended Thiessen to pass.   Thiessen  proceeded to move into the left lane of travel in order to

provide the R&S vehicles a wider berth while he passed.  As Thiessen approached the R&S

vehicles, he noticed that the R&S crew truck driver had put on his turn signal; however, by this

point, there was no opportunity for Thiessen to react.   The service road onto which the R&S

vehicles intended to turn was unmarked and not readily apparent as Mr. Thiessen approached the

R&S vehicles.

Rouse, the rig driver turned his vehicle across the lanes of traffic and into the direct path of Thiessen. As a result, the derrick portion and the front of the R&S workover rig collided with the side of Mr. Thiessen's truck and trailer, resulting in property damage to both the workover rig and the Thiessen vehicle.

Defendant Thiessen contends that Eric Rouse, the driver of the R&S workover rig, was negligent in turning his vehicle across two lanes without using visible turn signals and ensuring that no traffic was present. He maintains that had Mr. Rouse acted as an ordinarily careful driver and checked the highway for oncoming traffic prior to re-entering the highway or, if the R&S vehicles had stayed within the appropriate lanes of travel and properly signaled their intention to turn, that the accident would not have occurred. Instead, because Mr. Rouse was not acting as an ordinarily careful driver, the R&S workover rig and Brian Thiessen's vehicle collided. Therefore, R&S is liable for the negligence of its driver, Rouse. As a result of Eric Rouse's unreasonable conduct, Thiessen sustained property damage to his vehicle in the amount of $48,273.02.

GIVEN:

_____
Judge


DEFENDANT'S PROPOSED INSTRUCTION NO. 26

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

R&S WELL SERVICE, INC., a Wyoming   )
Corporation, and MARKEL INSURANCE   )
COMPANY, a Virginia Corporation     )
                                    )
       Plaintiffs,              )
                                    )
       vs.                     )     Docket No. 09 CV 72
                                    )
BRIAN THIESSEN, an individual       )
                                    )
       Defendant.               )
                                    )

## VERDICT FORM

We, the Jury, present the following answers to the questions submitted by the Court:

1.    Was Eric Rouse, the driver of the R&S Well Service, Inc. workover rig  negligent in connection with the accident on November 9, 2007?

        Yes    _____

        No    _____

2.    If so, was the negligence of Eric Rouse a proximate cause of the damages claimed by Brian Thiessen?

        Yes    _____

        No    _____

3.    Was Brian Thiessen negligent in connection with the accident on November 9, 2007?

        Yes    _____

        No    _____

4.      If so, was the negligence of Brian Thiessen, if any, a proximate cause of the damages claimed by R&S Well Service, Inc. and Markel Insurance Company?

        Yes      _____

        No       _____

5.      Using percentages that total one-hundred percent (100%), what percentage of the total fault do you attribute to: (For any actors you determined were not negligent, or whose negligence was not a proximate cause of the damages claimed by the other party, enter 0.)

Eric Rouse (R&S Well Service, Inc.)                _____ %

Brian Thiessen                                    _____ %

TOTAL (must equal 100%)                           ___100___ %

6.      If you attributed 50% or less of the fault to Brian Thiessen, what is the amount of damages sustained by him?  (If the percentage of fault attributed to Brian Thiessen is greater than 50%, skip this question and proceed to Question No. 7.)

$_____

7.      If you attributed 50% or less of the fault to Eric Rouse (R&S Well Service, Inc.), what is the amount of loss-of-use or loss of income damages sustained by R&S Well Service, Inc. and Markel Insurance Company?  (If the percentage of fault attributed to Eric Rouse is greater than 50%, skip this question, sign the verdict form and return to the bailiff).

$_____

Dated this _____ day of _____, 2010.

_____

Jury Foreperson (signature)


_____

Jury Foreperson (printed)