Brian J. Hunter
Wyoming Bar No.: 6-4416
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
307-637-5575
307-637-5515-fax

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| R&S WELL SERVICE, INC., a Wyoming corporation, and MARKEL INSURANCE COMPANY, a Virginia corporation, | ) ) ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-072-J |
| | ) | |
| BRIAN THIESSEN, individually, and THIESSEN FARMS, a foreign corporation | ) ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

_____

## PLAINTIFF / COUNTER-DEFENDANT'S JOINT PROPOSED JURY INSTRUCTIONS
_____

**COMES NOW** Plaintiff and Counter-Defendant, through counsel, Brian J. Hunter of McKellar, Tiedeken & Scoggin, LLC, and Mark Gifford of the Law Offices of Gifford & Brinkerhoff, and hereby offers its Proposed Jury Instructions as follows:

## INDEX

| INSTRUCTION | PATTERN JURY INSTRUCTION NO. OR CITATION | TITLE |
|---|---|---|
| A | 1.02B | Deposition Testimony |
| B | 1.02C | Direct and Indirect Evidence |
| C | 1.02D | Expert Testimony |

| | | |
|---|---|---|
| D | 1.02E | Opinion Testimony by Lay Witness |
| E | 2.03 | Preponderance of Evidence - Definition |
| F | 2.08 | Accident Does Not Constitute or Raise Presumption of Fault |
| G | 3.01 | Burden of Proof |
| H | 3.02 | Negligence and Ordinary Care - Defined |
| I | 3.06 | Foreseeable Cause |
| J | 3.10 | Duties of Parties |
| K | 4.08 | Mitigating Damages |
| L | *Hashimoto v. Marathon Pipeline Co.* | Damages Must be Reasonable Damages Proved to Reasonable Probability |
| M | *WSP, Inc. v. Wyoming Steel Fabricators and Erectors, Inc.* | |
| N | 7.01 | Control of Vehicle |
| O | 7.02 | Right to Assume Compliance with Law |
| P | 7.03 | Lookout |
| Q | 4.10 | Damages Stipulated |
| R | 10.03 | Comparative Fault |
| S | | Contentions Instruction |
| T | | Verdict Form |

**DATED** this 12th day of July, 2010.


/s/  Brian J. Hunter
Brian J. Hunter
Wyoming Bar #6-4416
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, WY  82001
(307) 637-5575
ATTORNEY FOR COUNTER-DEFENDANT

and

Mark W. Gifford
Law Offices of Gifford and Brinkerhoff
P.O. Box 2508
Casper, WY  82602
307-265-3266
mark@giffordbrinkerhoff.com
ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 12th day of July, 2010, a true and correct copy of the foregoing document was served as follows:

| | |
|---|---|
| Heather A. Zadina | ( ) U.S. Mail |
| Murane & Bostwick | ( ) HAND DELIVERY |
| 508 West 27th Street | ( ) FACSIMILE |
| Cheyenne, WY  82001-3031 | ( X ) OTHER – *e-filing* |

       By:  */s/ Brian J. Hunter*

## JURY INSTRUCTION NO. A

Testimony may be presented to you from a deposition. A deposition is testimony taken under oath before the trial, in the presence of a court reporter and preserved. You must consider the testimony as though the witnesses giving the testimony were present and testifying before you.

Authority: WCPJI 1.02B
• Wyo. R. Civ. P. 32.


GIVEN:


_____
JUDGE

## JURY INSTRUCTION NO. B

There are two types of evidence from which you may find the truth as to the facts of a case - direct and circumstantial evidence. An example of direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is the proof of facts or circumstances from which the existence or non-existence of other facts may be reasonably inferred. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Both direct evidence and circumstantial evidence are acceptable forms of proof and should be given the weight you feel is appropriate in light of all the evidence.

Authority:  WCPJI 1.02C

GIVEN:

_____

JUDGE

## JURY INSTRUCTION NO. C

A person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject about which he testifies. An expert witness may offer opinions on questions regarding the issues in the case to assist you in deciding the issues. You are not bound to accept an expert's opinion as conclusive, but should give it the weight to which you feel it is entitled.

In determining the weight to be given to an opinion, you may consider the qualifications of the expert, the credibility of the expert, the information upon which the opinion is based, and the reason for the opinion. You may disregard an expert's opinion if you find it to be unreasonable or not adequately supported.

Authority:  WCPJI 1.02D

GIVEN:

_____
JUDGE

**INSTRUCTION NO. D**

In determining the weight to be given to an opinion expressed by any witness you should consider credibility, the extent of the witness's opportunity to perceive the matters upon which the opinion is based, and the reasons, if any, given for it. You may disregard any opinion if you find it to be unreasonable or not adequately supported.

Authority:  WCPJI 1.02E

GIVEN:

_____
JUDGE

## JURY INSTRUCTION NO. E

"A preponderance of the evidence" is defined as the amount of evidence, taken as a whole, that leads the jury to find that the existence of a disputed fact is more probable than not. You should understand that "a preponderance of the evidence" does not necessarily mean the greater number of witnesses or exhibits.

Authority:  WCPJI 2.03

GIVEN:

_____
JUDGE

## JURY INSTRUCTION NO. F

The fact that damages or injury occurred is not, in itself, sufficient to show that any party was at fault.

Authority:  WCPJI 2.08

GIVEN:

_____

JUDGE

## JURY INSTRUCTION NO. G

In order to recover damages in this action Counter-Plaintiff, Thiessen  has  the burden of proving by a preponderance of the evidence the following:

(1) That R&S was negligent; and

(2) That a cause of injury and damage to Counter-Plaintiff, Thiessen was Counter-Defendant's negligence;

In order to recover damages in this action Plaintiff, R&S Well Service has  the burden of proving by a preponderance of the evidence the following:

(1) That Defendant, Thiessen was negligent; and

(2) That a cause of injury and damage to R&S was Thiessen's negligence

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that issue regardless of who produced it.

Authority:  WCPJI 3.01

GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. H**

When the word negligence is used in these instructions, it means the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

Authority:  WCPJI 3.02

GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. I**


The negligence, if any, of a party is not a "cause" of any damages to the other party unless the damages to a person in the damaged party's situation was a reasonably foreseeable consequence of that negligence. The exact or precise loss need not have been foreseeable, but one party may be found to be a "cause" of the other party's harm within the meaning of these instructions if a reasonably careful person, under the same or similar circumstances as the party committing a negligent act, would have anticipated that losses to the damaged party in a given situation might result from the negligent party's conduct.

Authority:  WCPJI 3.06



GIVEN:


_____
JUDGE

## JURY INSTRUCTION NO. J

In the course of these instructions, the Court will define various specific duties with which the parties are charged. If you find from a preponderance of the evidence that a party has violated a duty, then that party is negligent. If you find one or more of the parties to have been negligent, the effect of such negligence must be evaluated on the basis of all other instructions.

Authority:  WCPJI 3.10

GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. K**


A person has the duty to take reasonable steps under the circumstances to reduce [his] [her] injuries and damages. Any damages resulting from a failure to take such reasonable steps cannot be recovered.

Authority:  WCPJI 4.08


GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. L**


Damages must be proved to a reasonable degree of probability. Remote, uncertain,

conjectural, speculative, or possible damages are not allowed.


*Hashimoto v. Marathon Pipe Line Co.*, 767 P.2d 158 (Wyo. 1989)




GIVEN:


_____

JUDGE

## JURY INSTRUCTION NO. M

Loss of profits to a business occasioned by the wrongful act of another is compensable and you may award such amount as is proved with a reasonable degree of probability.

Authority:

• *WSP, Inc. v. Wyoming Steel Fabricators and Erectors, Inc*. 2007 WY 80, 158 P.3d 651, (Wyo. 2007).

• *D & D Transport, Ltd. v. Interline Energy Services, Inc*., 2005 WY 86, 117 P.3d 423, (Wyo. 2005).

• *Capshaw v. Schieck*, 2002 WY 54, 44 P.3d 47 (Wyo. 2005).

• *Cross v. Berg Lumber Co.,* 7 P.3d 922, (Wyo. 2000).

• *Hopper v. All-Pet Animal Clinic*, 861 P.2d 531 (Wyo. 1993).

• *Landmark, Inc. v Stockmen's Bank & Trust*, 680 P.2d 471 (Wyo. 1984).

• *Albin Elevator Co. v. Pavlica*, 649 P.2d 187 (Wyo. 1982).

• *Wyoming Bancorporation v. Bonham*, 563 P.2d 1382, 1385 (Wyo. 1977).

• *Diefenderfer v. Totman*, 280 P.2d 284 (Wyo. 1955).

• *Zimmerman v. First Federal Sav. and Loan Ass'n of Rapid City, S.D.*, 848 F.2d 1047 (C.A. 10 (Wyo.) 1988).

• 22 Am. Jur. 2d *Damages* § 626.

GIVEN:

_____
JUDGE

## JURY INSTRUCTION NO. N

Every person operating a motor vehicle upon a highway shall have the vehicle under reasonable control. A driver may be said to have the vehicle under reasonable control when the driver is observing traffic and road conditions and has the ability to guide and direct the course of the vehicle, fix its speed, and bring the vehicle to a stop within a reasonable distance. Failure to exercise adequate control is evidence of negligence.

Authority:  WCPJI 7.01

• *Timmons v. Reed,* 569 P.2d 112 (Wyo. 1977).

• *Thomas v. State*, 562 P.2d 1289 (Wyo. 1977).

• *Gilliland v. Rhoads*, 539 P.2d 1221, 1227 (Wyo. 1975).

• *John B. Roden, Jr., Inc. v. Davis*, 460 P.2d 209 (Wyo. 1969).

• *McVicker v. Kuronen*, 256 P.2d 111, 116 (Wyo. 1953).

• *Hawkins v. Loffland Bros. Co.*, 250 P.2d 498 (Wyo. 1952).

• *Templar v. Tongate*, 255 P.2d 223 (Wyo. 1952).

• *Wilhelm v. Cukr*, 227 P.2d 988 (Wyo. 1951), *reh'g denied,* 230 P.2d 507.

• *Brown v. Wyoming Butane Gas Co.*, 205 P.2d 116 (Wyo. 1949).

• *Kaan v. Kuhn*, 187, P.2d 138 (Wyo. 1947).

• *Merback v. Blanchard*, 105 P.2d 272 (Wyo. 1940), *reh'g denied,* 109 P.2d 49 (Wyo. 1940).

GIVEN:

_____

JUDGE

## JURY INSTRUCTION NO. O


Every driver may assume that other persons will obey the law and exercise due care in

the absence of reasonable cause to believe otherwise.

Authority:  WCPJI 7.02


• *Brockett v. Prater,* 675 P.2d 638, 641 (Wyo. 1984).

• *Timmons* v. *Reed,* 569 P.2d 112 (Wyo. 1977).




GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. P**

The law provides that any person driving a motor vehicle on a public highway shall keep a proper lookout for other persons using the highway. A "proper lookout" is a lookout that would be maintained by an ordinarily careful person in light of all present conditions and those which can be reasonably anticipated. "Proper lookout" includes a duty to see objects in plain sight, to see what is open and apparent, and to take notice of obvious dangers. This duty is not merely one of looking, but of observing the traffic and general situation.

Authority:  WCPJI 7.03

• *DeJulio v. Foster,* 715 P.2d 182 (Wyo. 1986).

• *Brockett v. Prater,* 675 P.2d 638, 641 (Wyo. 1984).

• *Fegler v. Brodie*, 574 P.2d 751, 755 (Wyo. 1978).

• *Kahler v. Martin*, 570 P.2d 720 (Wyo. 1977).

• *Timmons v. Reed*, 569 P.2d 112 (Wyo. 1977).

• *Gilliland v. Rhoads*, 539 P.2d 1221, 1227 (Wyo. 1975).

• *Hack v. Pickrell*, 515 P.2d 134 (Wyo. 1973).

• *Berta v. Ford*, 469 P.2d 12 (Wyo. 1970).

• *John B. Roden, Jr., Inc. v. Davis*, 460 P.2d 208 (Wyo. 1969).

• *Reindal v. Casassa*, 444 P.2d 321, 323 (Wyo. 1968).

• *Webber v. Farmer*, 410 P.2d 807 (Wyo. 1966).

• *Gillespie v. Duncan*, 410 P.2d 577 (Wyo. 1966).

• *Hume v. Mankus*, 401 P.2d 703 (Wyo. 1965).

• *Holstedt v. Neighbors*, 377 P.2d 181 (Wyo. 1962).

• *McDowall v. Walters*, 360 P.2d 165, 170 (Wyo. 1961).

• *Feltner v. Bishop*, 348 P.2d 548 (Wyo. 1960).

• *Templar v. Tongate*, 255 P.2d 223 (Wyo. 1952).

• *Chandler v. Dugan*, 251 P.2d 580 (Wyo. 1952).

• *Merback v. Blanchard*, 105 P.2d 272 (Wyo. 1940) *reh'g denied,* 109 P.2d 49

(Wyo. 1941).


GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. Q**


The parties have stipulated that Markel's damages amount to $204,650.56. If you find that Markel is entitled to recover in this case, you shall award its damages at that amount.

The parties have stipulated that Thiessen's damages amount to $48,273.02. If you find that Thiessen is entitled to recover in this case, you shall award its damages at that amount.

The parties have not stipulated to the damages that R&S claims are the result of its inability to use the derrick truck during the time it was being repaired.  That amount of damages is for the jury to decide.


Authority: WCPJI 4.10


GIVEN:

_____
JUDGE

**JURY INSTRUCTION NO. R**

Your verdict must be determined on the basis of comparative fault of the parties. In reaching your verdict, you need to know the meaning of the term "fault." A party is at fault when that party is negligent and that party's negligence is a cause of the injury or damages for which the claim is made. The terms "negligence" and "cause" are explained in other instructions.

Your findings as to fault will affect the each party's recovery. A party's recovery is reduced by the percentage, if any, of fault that you find is attributable to the other party. If you find that one of the party's fault exceeds fifty percent (50%), that party will not be entitled to recover any damages. The negligent party's liability for damages is limited by the percentage of fault, if any, that you find is attributable to the other party.

The verdict form provided to you includes spaces for you to record your determination of the parties' comparative fault on a percentage basis. It also contains a space for you to record your determination of the total damages sustained.

If you find either party is fifty percent (50%) at fault or less, then you should fill in the total amount of damages, if any, on the verdict form. Do not reduce your determination of total damages by any percentage of fault you have attributed to either party. The court, and not the jury, will reduce the total amount of damages by the percentage of fault you have attributed to either of the plaintiffs.

In explaining the consequences of your verdict, the court has not meant to imply that any person is at fault. That is for you to decide in conformity with these instructions.

Authority:  WCPJI 10.03

GIVEN:


_____
JUDGE

**JURY INSTRUCTION NO. S**

The Plaintiffs  in this case are Markel Insurance and R&S Well Service who bring this

action on behalf of themselves personally.

 During the early evening of November 9, 2007, the Employees for R&S Well Service

were working for their employer driving an oil well "work-over rig" also known as a "derrick

truck" northbound on Wyoming State Highway 59 in Converse County Wyoming about 15 miles

north of Douglas to set up operations at a new location.  Other R&S employees were following

the derrick truck in an R&S crew truck and trailer.  Plaintiff's further claim that both R&S

vehicles slowed within their lane of travel and signaled an intent to turn left onto an intersecting

road.  As the derrick truck was executing a left turn, a semi truck owned and operated by

Defendant Thiessen attempted to pass the R&S vehicles on the left and in the southbound lane of

Highway 59.  Thiessen collided with the front end of the R&S derrick truck causing damage to

the truck.  The R&S derrick truck was taken in for repair.  Pursuant to its policy of insurance,

R&S submitted a claim to its insurance carrier, Markel Insurance Company ("Markel").

Consequently, Markel then paid monies to and/or on behalf of R&S for the damages it incurred.

Markel is requesting that Thiessen compensate it for these expenses.  R&S further claims and

requests compensation from Mr. Thiessen for the operating profit losses it has incurred due to the

inability to use the derrick truck during the time it was being repaired.

The Defendant, Thiessen is the owner and operator of semi-tractor with an attached

trailer.  Mr. Thiessen claims that he observed that the R&S vehicles were pulled off to the right

of the highway and out of the lane of travel.  He did not observe any turn signals prior to

initiating his attempt to pass the R&S vehicles.  Mr. Thiessen moved into the southbound lane of

travel in order to pass the R&S vehicles.  As he passed the R&S trucks Thiessen noticed the left

turn signal was engaged.  The driver of the R&S derrick truck began to turn his vehicle across the lanes of traffic.  Mr Thiessen's vehicle collided with the R&S derrick, resulting in property damage to both the derrick truck and Mr. Thiessen's vehicle.

Thiessen has stated a counter claim that the driver of the R&S derrick truck was negligent in turning he vehicle across two lanes of traffic.  Thiessen further alleges that under the doctrine of respondeat superior, R&S is liable for it's driver's negligence.    Thiessen is seeking compensation to the damage to his truck and trailer.

In defense of Thiessen's claims, R&S claims that Thiessen was negligent and is solely liable for this accident and that his comparative fault bars Mr. Thiessen from recovery in the lawsuit.

The foregoing are simply the contentions of the parties.  It is for you to decide whether the contentions have been proven by the parties.


GIVEN:

_____

JUDGE