FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 2 1 2010

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

---

R&S WELL SERVICE, INC., a
Wyoming Corporation, and MARKEL
INSURANCE COMPANY, a Virginia
Corporation,

        Plaintiffs,

        vs.

BRIAN THIESSEN, an individual,

        Defendant.

Case No. 09-CV-72-J

---

## JURY INSTRUCTIONS

---

## INSTRUCTION NO. __1__

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

INSTRUCTION NO. __2__

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

INSTRUCTION NO. __3__

There are two kinds of evidence: direct and circumstantial.  Direct

evidence is direct proof of a fact, such as testimony of an eyewitness.

Circumstantial evidence is proof of facts from which you may infer or

conclude that other facts exist.  You may consider both kinds of evidence.

INSTRUCTION NO. __4__

This is a civil case. The plaintiffs have the burden of proving the plaintiffs' case, and the defendant has the burden of proving his counterclaim by what is called the preponderance of the evidence. That means the plaintiffs, and the defendant, must produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiffs claim is more likely true than not, or that what the defendant claims is more likely true than not. To put it differently, if you were to put the plaintiffs' and the defendant's evidence on opposite sides of the scales, plaintiffs would have to make the scales tip somewhat on their side, or the defendant would have to make the scales tip somewhat on his side. If the plaintiffs fail to meet this burden, the verdict must be for the defendant and if the defendant fails to meet this burden, the verdict must be for the plaintiffs.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should therefore put it out of your mind.

INSTRUCTION NO. __5__

The Jury is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  You should take into consideration their
demeanor upon the witness stand, their apparent intelligence or lack of
intelligence, their means of knowledge of the facts testified to, the interest, if
any, which any witness may have in the outcome of their trial, the prejudice
or motives, or feelings or revenge, if any, which have been shown by the
evidence.  In so doing, you may take into consideration all of the facts and
circumstances in the case and give such weight as you think the same are
entitled to, in light of your experience and knowledge of human affairs.

INSTRUCTION NO. __6__

Try not to be swayed by the appearance of the witness -- the clothing, hairstyle, or grooming. Guard against the natural tendency to believe people whose appearance is similar to your own dress and grooming. Also be on guard against being influenced by how attractive the witness may be. Beware of an inclination to be more sympathetic to a witness who is appealing in his or her appearance. These factors are often unrelated to a witness's truthfulness. Mannerisms can also be misleading. Sometimes a truthful witness may seem to be nervous or tense -- such a witness may be intimidated by the courtroom and some witnesses are typically nervous, fidgety or tense in their manner. Evaluate not just what the witness says, but how the witness says it. Pay attention to facial expressions, gesture, posture, and tone of voice. Look for discrepancies between what the witness says and how the witness says it. But remember that sometimes truthful witnesses may look worried because they are afraid of being disbelieved, and that some liars can behave convincingly.

INSTRUCTION NO. __7__

Next, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the  case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way.  If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

INSTRUCTION NO. __8__

The trial will now begin.  First, each side may make an opening
statement.  An opening statement is neither evidence nor argument; it is an
outline of what that party intends to prove, offered to help you follow the
evidence.

Next, plaintiffs will present their witnesses and defendant may cross-
examine them.  Then defendant will present its witnesses and plaintiffs may
cross-examine them.

After that, the attorneys will make their closing arguments to
summarize and interpret the evidence for you and the Court will give you
instructions on the law.

You will then retire to deliberate on your verdict.

INSTRUCTION NO. __9__

The Court will permit jurors to take notes during the course of this trial, since there may be complicated issues in which the notes may be helpful. You of course are not obliged to take any notes, and some feel that the taking of notes is not helpful because it may distract you so that you do not hear and evaluate all of the evidence. If you do take notes please keep them in confidence between yourself and your fellow jurors.

INSTRUCTION NO. $\underline{10}$

Ladies and gentlemen, with the agreement of counsel for the parties, I am going to allow you the opportunity to ask questions of the witnesses who will be testifying in this case.

Let me therefore tell you the procedure that we will follow with respect to any questions that you may have of a witness.

First: Please hold your questions until the witness has finished answering questions put to him or her by the attorneys. You will often find that questions that you would like to ask will eventually be asked by one of the attorneys.

Second: Any questions that you would like to ask a witness must be written down on a piece of paper and passed to me for review. Such questions should be limited to important matters and should be relevant to the issues presented in this trial so that we don't get bogged down or distracted from those issues.

Third: I will review any questions that you may submit with the attorneys at the side of the bench or at a break. Since your questions, like those of the attorneys, are governed by our rules of evidence, I may be required to alter or refuse any of your questions. If so, you should not be offended or upset, or hold it against either of the parties, or speculate as to

what the answer to your question might have been.

Fourth: If I allow the question, then I or one of the attorneys may pose it to the witness, and the attorneys may be allowed to ask follow-up questions of the witness.

# INSTRUCTION NO. $\underline{11}$

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court as to the law that is applicable to this case.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence received during the trial.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions of the Court; just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing

and considering the evidence presented at trial.

The Court did not by any words uttered during the trial, and the Court does not by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case, nor as to what are or are not facts in the case.

# INSTRUCTION NO. $\underline{12}$

Both parties are entitled to assert their respective claims in Court. The order of filing is not relevant to your consideration of the merits of their claims.

# INSTRUCTION NO. $16$

In a civil action where each party asserts a claim against the other, such as this, each party has the burden to prove every essential element of their claims by a preponderance of the evidence. If a party should fail to establish any essential element of its claims by a preponderance of the evidence, you should find for the opposing party as to that claim.

"Establish by a preponderance of the evidence" means to prove something that is more likely than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. $\underline{17}$

In order to recover damages in this action Plaintiff, R&S Well Service and Markel Insurance Company has the burden of proving by a preponderance of the evidence the following:

(1)    That Brian Thiessen was negligent; and

(2)    That the negligence of Brian Thiessen was a cause of the damages claimed by R&S Well Service and Markel Insurance Company; and

(3)    The elements of R&S Well Service and Markel Insurance Company's damages and the amounts thereof.

In order to recover damages in this action Counter-Plaintiff, Brian Thiessen has the burden of proving by a preponderance of the evidence the following:

(1)    That Eric Rouse, the driver for R&S Well Service, was negligent; and

(2)    That the negligence of Eric Rouse was a cause of the damages claimed by Brian Thiessen; and

(3)    The elements of Brian Thiessen's damages and the amount thereof.

In determining whether an issue has been proved by a preponderance

of the evidence, you should consider all of the evidence bearing upon that issue regardless of who produced it.

# INSTRUCTION NO. $1\overset{..}{X}$

In the course of these instructions, the Court will define various specific duties with which the parties are charged. If you find from a preponderance of the evidence that a party has violated a duty, then that party is negligent. If you find one or more of the parties to have been negligent, the effect of such negligence must be evaluated on the basis of all other instructions.

# INSTRUCTION NO. $\frac{19}{}$

When the word negligence is used in these instructions, it means the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

INSTRUCTION NO. 20

An injury or damage is caused by an act, or failure to act, whenever it appears from the evidence that the act or omission played a substantial part in bringing about the injury or damage.

# INSTRUCTION NO. 21

The negligence, if any, of a party is not a "cause" of any damages to the other party unless the damages were reasonably foreseeable consequences of that negligence. The exact or precise loss need not have been foreseeable, but one party may be found to be a "cause" of the other party's harm within the meaning of these instructions if a reasonably careful person, under the same or similar circumstances as the party committing a negligent act, would have anticipated that losses to the damaged party in a given situation might result from the negligent party's conduct.

INSTRUCTION NO. 22

R&S Well Service, Inc., the employer of Eric Rouse, admits

that Eric Rouse was acting within the scope and course of his employment at

the time of the accident. If you find Eric Rouse was negligent, then R&S Well

Service, Inc. is legally responsible for that negligence.

INSTRUCTION NO. $\underline{24}$

Every person operating a motor vehicle upon a highway shall have the vehicle under reasonable control. A driver may be said to have the vehicle under reasonable control when the driver is observing traffic and road conditions and has the ability to guide and direct the course of the vehicle, fix its speed, and bring the vehicle to a stop within a reasonable distance. Failure to exercise adequate control is evidence of negligence.

INSTRUCTION NO. $25$

Every driver may assume that other persons will obey the law and

exercise due care in the absence of reasonable cause to believe otherwise.

INSTRUCTION NO. 23

Violation of a statute is evidence of negligence. If you determine that a driver violated a statute on the occasion in question and that the violation played a substantial part in bringing about the accident and the damages, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not that driver was at fault at the time of the accident.

# INSTRUCTION NO. 26

The law provides that any person driving a motor vehicle on a public highway shall keep a proper lookout for other persons using the highway. A "proper lookout" is a lookout that would be maintained by an ordinarily careful person in light of all present conditions and those which can be reasonably anticipated. "Proper lookout" includes a duty to see objects in plain sight, to see what is open and apparent, and to take notice of obvious dangers. This duty is not merely one of looking, but of observing the traffic and general situation.

# INSTRUCTION NO. 27

You are instructed that at the time of the collision in question, the
statutes of the State of Wyoming stated as follows:

(a) Upon all roadways of sufficient width a vehicle shall be driven upon

the right half of the roadway, except as follows:

(i) When overtaking and passing another vehicle proceeding in

the same direction under the rules governing the movement. . . .

INSTRUCTION NO. 27.

You are instructed that at the time of the collision in question, the statutes of the State of Wyoming stated as follows:

(a) No person shall turn a vehicle or move right or left upon a roadway unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided by this section.

(b) A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

# INSTRUCTION NO. 29

You are instructed that at the time of the collision in question, the statutes of the State of Wyoming stated as follows:

(a) All signals required under this act given by hand and arm shall be given from the left side of the vehicle in the following manner and the signals shall indicate as follows:.

(i) Left turn: Hand and arm extended horizontally.

# INSTRUCTION NO. $\underline{30}$

Damages must be reasonable. If you should find that a party is entitled to a verdict, you may award that party only such damages as will reasonably compensate it for such damages as you find, from a preponderance of the evidence in the case, that it has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

INSTRUCTION NO. 31

A person has the duty to take reasonable steps under the circumstances to reduce its injuries and damages.  Any damages resulting from a failure to take such reasonable steps cannot be recovered.

# INSTRUCTION NO. 32

The parties have stipulated that damages to the R&S Well Service workover rig amount to $204,650.56.

The parties have stipulated that damages to Thiessen's vehicle amount to $48,273.02.

The parties have not stipulated to the damages that R&S claims are the result of its inability to use the derrick truck during the time it was being repaired.  That amount of damages, if any, is for the jury to decide.

# INSTRUCTION NO. 34

Lost profits are calculated based on a "net" figure requiring proof that: (1) net profits were lost; (2) the amount of those profits can be determined with a reasonable degree of probability; and (3) the Defendant's breach was the cause of the lost profits.

Whether these elements of damage have been proved by the evidence is for you to determine.

INSTRUCTION NO. $35$

Your verdict must be determined on the basis of comparative fault of the parties. In reaching your verdict, you need to know the meaning of the term "fault." A party is at fault when that party is negligent and that party's negligence is a cause of the injury or damages for which the claim is made. The terms "negligence" and "cause" are explained in other instructions.

Your findings as to fault will affect each party's recovery. A party's recovery is reduced by the percentage, if any, of fault that you find is attributable to the other party. If you find that one of the party's fault exceeds fifty percent (50%), that party will not be entitled to recover any damages. The negligent party's liability for damages is limited by the percentage of fault, if any, that you find is attributable to the other party.

The verdict form provided to you includes spaces for you to record your determination of the parties' comparative fault on a percentage basis.

If you find plaintiffs are fifty percent (50%) at fault or less, then you should fill in the total amount of lost profits plaintiffs have proven, if any, on the verdict form. Do not reduce your determination of total damages by any percentage of fault you have attributed to either party. The court, and not the jury, will reduce the total amount of damages by the percentage of fault you have attributed to the parties.

In explaining the consequences of your verdict, the court has not meant to imply that any person is at fault. That is for you to decide in conformity with these instructions.

INSTRUCTION NO. 36

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the plaintiff, and the answer and counterclaim thereto of the defendant. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

# INSTRUCTION NO. 37

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

INSTRUCTION NO. 38

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. $\underline{37}$

There are, generally, speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence of nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

# INSTRUCTION NO. $\underline{4()}$

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

# INSTRUCTION NO. 41

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the interest, if any, which the witness may have in the outcome of the trial, the extent of the witness's opportunity to perceive the matters upon which the witness's opinion is based and the reasons, if any, given for it. You are not required to accept such an opinion but should give it the weight to which you find it is entitled.

INSTRUCTION NO. 42

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact.  The lawyer's statements are not evidence.

# INSTRUCTION NO. 43

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently and innocent misrecollection, like failure of

recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

INSTRUCTION NO. 44

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

# INSTRUCTION NO. 45

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

# INSTRUCTION NO. 46

During this trial I have permitted you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

# INSTRUCTION NO. 47

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

INSTRUCTION NO. $\underline{4\,\partial}$

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

# INSTRUCTION NO. 49

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as a private individual.

INSTRUCTION NO. 50

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

# INSTRUCTION NO. 51

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the sole purpose of returning a verdict.

You are not partisans. You are judges –judges of facts. Your sole interest is to ascertain the truth from the evidence in the case.

# INSTRUCTION NO. 22

Upon retiring to the jury room, you will select one of your number to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for you. You will take this form to the jury room.

When you have reached unanimous agreement as to your verdict, you will have your presiding juror fill in, date and sign the form which sets forth the verdict upon which you have unanimously agreed and you will then return with the completed form to the courtroom.

# INSTRUCTION NO. 53

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.